UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILIP GEOFFREY SAUNDERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5982** |
| **SHERIFF MARLIN N. GUSMAN, ET AL.** | **SECTION: "I"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Philip Geoffrey Saunders, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin N. Gusman, Correct Care Solutions, and various other defendants. In this lawsuit, plaintiff claimed that he was denied adequate medical and dental care while incarcerated within the Orleans Parish Prison system. After filing suit, he was released from incarceration.[1]

On February 2, 2016, the Court notified plaintiff that a preliminary conference would be held in this matter on February 11, 2016, and warned him failure to participate in that conference would result in a recommendation that his case be dismissed for failure to prosecute.[2] When plaintiff failed to participate in the conference, the undersigned then ordered that, on or before February 26, 2016, plaintiff show cause in writing as to why this case should not be dismissed for failure to prosecute. He was warned that his failure to do so would result in a recommendation that this case be dismissed with prejudice.[3] Plaintiff filed no response to that order.

---

[1] Rec. Doc. 18.
[2] Rec. Doc. 19.
[3] Rec. Doc. 21.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. <u>Ramsay v. Bailey</u>, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff failed to participate in the preliminary conference, and he has ignored the Court's order directing him to show cause in writing as to why this case should not be dismissed. Due solely to plaintiff's inaction, this Court has no way to hold a preliminary conference in this matter or to otherwise advance this case on the docket. Therefore, the complaint should be dismissed for failure to prosecute.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventeenth day of March, 2016

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**